UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRY D. BYLAND, | ) | Case No.: 5:11 CV 75 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant | ) | ORDER |

The Defendant, the Commissioner of Social Security (the "Commissioner"), denied disability benefits to Plaintiff, Sherry D. Byland ("Plaintiff"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge William Baughman for preparation of a report and recommendation. Both parties submitted briefs on the merits. Plaintiff sought an order reversing the Administrative Law Judge's ("ALJ") decision or remanding the case to the ALJ. Plaintiff argued that the ALJ's residual functional capacity ("RFC") finding lacks the support of substantial evidence because the ALJ did not properly weigh the opinion of her treating physician and improperly evaluated her credibility.

On May 18, 2012, Magistrate Judge Baughman submitted his Report and Recommendation (ECF No. 22), recommending the court remand the case for reconsideration of the RFC finding. He found that the ALJ did not identify or discuss the RFC opinion of Plaintiff's treating physician, Dr. Angerman. (*Id*. at 10.) Magistrate Judge Baughman found that the ALJ did not identify Dr. Angerman as Plaintiff's treating physician or indicate what

weight, if any, the ALJ assigned to Dr. Angerman's opinion. (*Id*.) In addition, Magistrate Judge Baughman found the ALJ failed to explain whay he did not incorporate Dr. Angerman's limitations into his RFC finding. (*Id*.)

Magistrate Judge Baughman noted that the Commissioner concedes the ALJ failed to comply with the treating source regulations, but maintains that harmless error excuses this failure. (*Id*.) Magistrate Judge Baughman found the ALJ's non-compliance is not harmless error since the ALJ did not implicitly adopt Dr. Angerman's opinion as to the limitations or make findings consistent with it. (*Id*.) Also, the Magistrate Judge found that this is not a case where the treating physician's opinion is so patently deficient that the ALJ could not credit it. (*Id*. at 10-11.) The Magistrate Judge found the ALJ accepted the impairments put forth by Dr. Angerman, but did not incorporate his limitations into the RFC. (*Id*. at 11.) The Magistrate Judge concluded that because the ALJ completely departed from the standards set forth in the regulations and in *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004), he could not find that the ALJ's treatment of Dr. Angerman's opinion satisfied the goals of the regulations.

Magistrate Judge Baughman also scrutinized the ALJ's conclusion regarding Plaintiff's credibility. The Magistrate Judge found that the ALJ provided some reasons and evidence to support his assertion that Plaintiff's statements regarding the intensity, persistence, and limiting effects of symptoms were not credible to the extent they were inconsistent with the RFC finding. (*Id*. at 12.) The Magistrate Judge concluded that this finding likely survives substantial evidence scrutiny, but given his recommendation that the case be remanded, this issue does not need to be resolved at this time. (*Id*.) However, the Magistrate Judge found that if the case were remanded and the ALJ made a more restrictive RFC finding, credibility must be reevaluated. (*Id*.)

Defendant has submitted objections to the Report and Recommendation, asserting that the Magistrate Judge erred in concluding that the ALJ's failure to comply with the treating physician rule was not harmless error and that the ALJ's credibility assessment was insufficient. (ECF No. 24.) Defendant previously raised both of those arguments in his brief on the merits.

The court finds, after *de novo* review of the Report and Recommendation and all other relevant documents, the first conclusion reached by Magistrate Judge Baughman to be well-taken for the reasons stated below, but refuses to adopt the second conclusion. The ALJ failed to comply with the regulations and Sixth Circuit precedent regarding the treating physician rule. Despite Defendant's assertion of harmless error, the court finds that this error was not harmless. As indicated by the Magistrate Judge, this is not the case where Dr. Angerman's opinion was so patently deficient that the ALJ could not credit it or one where the ALJ implicitly adopts the opinion. Further, this is also not a case where Dr. Angerman's opinion was "*indirectly* attacked via [the] ALJ's analysis of the claimant's ailments . . . .[or] in which the ALJ's discussion of other opinions, or of the claimant's medical problems, makes clear the basis on which the treating physician's opinion was rejected." *Friend v. Commissioner of Social Security*, 375 F. App'x 543, 551-52 (6th Cir. 2010). There is no acknowledgment by the ALJ that Dr. Angerman is the treating physician. There is also no discussion of what weight, if any, assigned to Dr. Angerman's opinion and no discussion of why his limitations were not incorporated into the ALJ's RFC finding. While the ALJ did say, "[t]here is a distinct lack of diagnises [sic] assopciated [sic] with the claimant's alleged impairments," this statement is too vague and conclusory, especially since the ALJ does not even reference Dr. Angerman as the treating physician. Therefore, this case must be remanded to the ALJ with the instruction that the RFC findings be reconsidered in accordance with the treating physician

rule. While the court does not adopt the second conclusion advanced by Magistrate Judge Baughman regarding credibility, the court adopts as its own his Report and Recommendation as to the first conclusion that he reached. Because the case is being remanded, the court need not determine whether the credibility analysis was proper. This case is remanded for further proceedings consistent with this Order.

    IT IS SO ORDERED.

    /S/ SOLOMON OLIVER, JR.
    CHIEF JUDGE
    UNITED STATES DISTRICT COURT

June 29, 2012