IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


SHERRY D. BYLAND,               )     CASE NO. 5:11 CV 75
                                )
              Plaintiff,        )     CHIEF JUDGE SOLOMON OLIVER, JR.
                                )
       v.                       )     MAGISTRATE JUDGE
                                )     WILLIAM H. BAUGHMAN, JR.
COMMISSIONER OF SOCIAL          )
SECURITY,                       )
                                )     **REPORT & RECOMMENDATION**
              Defendant.        )

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-
      A.    Original fee application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
      B.    Commissioner's opposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
      C.    Byland's supplemental application . . . . . . . . . . . . . . . . . . . . . . . . . -6-
      D.    Commissioner's sur-reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
      A.    Standard of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
      B.    Application of standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
            1.    Clarification of evidence in light of the standard . . . . . . . . . . . -13-
            2.    Hourly rate - Ohio attorneys . . . . . . . . . . . . . . . . . . . . . . . . -15-
            3.    Hourly rate – Evanston, Illinois attorney . . . . . . . . . . . . . . . . -16-
            4.    Hourly rate – Paralegals . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-
            5.    Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-
            6.    Allowable hours – attorneys . . . . . . . . . . . . . . . . . . . . . . . . . -22-
                 a.    Attorney Schnaufer . . . . . . . . . . . . . . . . . . . . . . . . . -23-
                 b.    Attorneys Roose and Ressler . . . . . . . . . . . . . . . . . . . -24-
            7.    Allowable hours – paralegals . . . . . . . . . . . . . . . . . . . . . . . . -26-
                 a.    Legal Assistant Edwards . . . . . . . . . . . . . . . . . . . . . . -27-
                 b.    Appellate Assistant Shriver . . . . . . . . . . . . . . . . . . . . -28-
            8.    Allowable expenses for copying . . . . . . . . . . . . . . . . . . . . . . -30-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -32-

## Introduction

Before me by referral[1] are an application[2] and a supplemental application[3] by plaintiff Sherry D. Byland for an award of attorneys' fees and other expenses under the Equal Access to Justice Act (EAJA),[4] as well as a motion for an oral argument on this application.[5] The Commissioner of Social Security sought to strike the first application for failing to present a "meaningful argument" in support of the fee request[6] and has filed a sur-reply to the supplemental application.[7]

For the reasons that follow, I will deny the motion for an oral argument and will recommend that the motion for fees be granted in part and denied in part.

## Facts

For purposes of adjudicating this application, the relevant background facts are neither extensive nor disputed.

---

[1] ECF # 34.

[2] ECF # 27.

[3] ECF # 31.

[4] 28 U.S.C. § 2412(a), (d).

[5] ECF # 34.

[6] ECF # 30.

[7] ECF # 33.

## A.    Original fee application

After this Court remanded Byland's case for disability insurance benefits and supplemental security income for further proceedings,[8] Byland filed her initial application for fees, seeking $5,092.58 in attorneys' fees and $43.50 in expenses.[9] The attorneys' fees were determined by valuing the 26.4 hours spent on this matter by attorneys Kirk Roose (6.0 hours)[10] and Jon Ressler (.3 hours)[11] of Lorain, Ohio, and Eric Schnaufer (20.1 hours)[12] of Evanston, Illinois, at $180.59 per hour.[13] In addition, 6.5 hours of non-attorney support time from Kathy Edwards (.6 hours)[14] and Diane J. Shriver (5.9 hours)[15] in Lorain, Ohio, were charged at $50.00 per hour and included in the fee application.[16] Additionally, costs of $43.50 were submitted, reflecting the expense of $.25 per page for making two copies of all filings ("plaintiff and file"), including the EAJA application.[17]

---

[8] ECF # 26.

[9] ECF # 27 at 4.

[10] *Id.*, Ex. 1 at 1.

[11] *Id.* at 2

[12] *Id.* at 3-4.

[13] ECF # 27 at 4.

[14] ECF # 27, Ex. 2 at 1.

[15] *Id.* at 2-3.

[16] ECF # 27 at 4.

[17] ECF # 27, Ex. 3.

Significantly, the application acknowledges that the attorneys' hourly rates sought exceed the hourly rate of $125 allowed by the EAJA statute.[18] But, relying on *Elson v. Commissioner of Social Security*,[19] Byland argued that the proof here of an increase in the national consumer price index (CPI) between 1996 (when the EAJA rate was set) and 2011[20] justifies the hourly rates sought here.[21]

## B. Commissioner's opposition

In his response opposing the fee application, the Commissioner initially does not dispute that the application was timely filed and further agrees that Byland was the prevailing party and that the position of the agency was not substantially justified.[22]

Rather, the Commissioner contends that he cannot meaningfully respond to the fee request because it merely asserts that this request is based on the same grounds as the request in *Elson*, where, as the Commissioner observes, the plaintiff set forth his position in a 21-page brief.[23] In particular, he asserts that it would be "unduly burdensome" for the Commissioner and the Court to attempt to discern which specific arguments Byland now

---

[18] ECF # 27 at 4-5.

[19] *Elson v. Comm'r of Soc. Sec.*, Case No. 3:11-cv-183 (N.D. Ohio Aug. 7, 2012) (Carr, J.).

[20] ECF # 27, Ex. 4.

[21] ECF # 27 at 4-5 (citing *Elson*).

[22] ECF # 30 at 2-3.

[23] *Id* at 3.

-4-

relies upon from all those raised in the *Elson* briefing.[24] Moreover, as the Commissioner argues, because "litigation over EAJA rates has evolved since *Elson* was decided," a reference to an increase in the national CPI of itself is insufficient to support an increase in the allowable hourly rate for an EAJA fee award.[25] Thus, the Commissioner contends that Byland's fee application should be stricken.[26]

Alternatively, the Commissioner maintains that the hourly fee requested is excessive and should be reduced.[27] In addition, the Commissioner asserts that some services included are not compensable and so the total number of hours should be reduced.[28]

As to any increase in the hourly rate, the Commissioner argues that Byland has presented no evidence, other than a national CPI index, to establish "the prevailing market rate for Social Security appeals in the Northern District of Ohio," as has been required by numerous courts of this District.[29] Further, the Commissioner contends that since *Elson*, courts of the District have found that the Ohio State Bar Association survey of law firm economics presented in that case is unpersuasive on the issue of supporting an EAJA fee increase since the survey gives only general information on hourly rates that is not probative

---

[24] *Id.* at 4.

[25] *Id*.

[26] *Id*.

[27] *Id*.

[28] *Id.*

[29] *Id*. at 6-7 (citing cases).

of either Social Security attorneys in particular or of such attorney within the Northern District of Ohio.[30]

Finally, the Commissioner maintains that time spent by an assistant in "reviewing court filings" is non-compensable under EAJA.[31] Further, the Commissioner notes after redacting the time spent on non-compensable activities in *English v. Commissioner of Social Security*, Judge Adams approved fees for Diane Shriver at an hourly rate of $40.00, not $50.00 as is claimed here.[32]

The Commissioner concludes on the basis of the above arguments that any EAJA fee in this case be at the statutory hourly rate of $125, as applied to the 26.4 hours of legal work, plus an hourly fee of $40 for legal assistants applied to 2.7 hours of work, yielding a total allowed fee of $3,408.00.[33] The Commissioner does not dispute the claim for $43.50 in recoverable costs.[34]

## C.    Byland's supplemental application

Byland first notes that the original fee application, with citation to the national CPI figure and mere reference to arguments made in another case, "was done at the suggestion

---

[30] *Id*. at 7.

[31] *Id*. at 8 (citing *English v. Comm'r of Soc. Sec.*, Case No. 1:11-cv-2794, at 5 (N.D. Ohio Aug. 31, 2012) (Adams, J.)).

[32] *Id.* at 8-9.

[33] *Id*. at 9.

[34] *Id.*

of another Court to minimize time spent on fee litigation."[35] Further, Byland suggests that this Court "adopt the *Elson* holding[]that proof of rates need not be furnished repetitively in each case [but that] the Court can rely on the findings in prior cases and the Court's judgment that the EAJA request is significantly less than prevailing rates."[36] Alternatively, Byland asks this Court to find that the additional proof submitted here – affidavits from attorneys Dianne R. Newman,[37] Marcia Margolius,[38] and Kirk B. Roose,[39] together with a portion of the Ohio State Bar Association survey[40] – are sufficient to support an increase in the allowable hourly rate.[41]

As to the hourly rate for the two paralegals, Byland argues that because the Commissioner gave no reason for reducing the rate other than that another case had approved such a rate when requested, the Commissioner's point "should be treated as abandoned" and the $50 per hour rate approved as "not unreasonable."[42] Byland further argues that because reviewing court notices is a necessary part of being timely with filings, such work, which was

---

[35] ECF # 31 at 2-3.

[36] *Id*. at 3.

[37] *Id*., Ex. 3.

[38] *Id*., Ex. 4.

[39] *Id*., Ex. 5.

[40] *Id*., Ex. 6.

[41] ECF # 31 at 5-7 (citing cases).

[42] *Id*. at 7.

formerly done by attorneys at a higher rate, has been found properly compensable under EAJA by another court in this District and so should be allowed here.[43]

Finally, Byland seeks a five-hour increase from her original application in the number of compensable attorney hours for time spent preparing the reply to the Commissioner's objections to the fee request.[44]

## D.      Commissioner's sur-reply

Essentially, the Commissioner makes two basic arguments against an increase in the allowable hourly rate for attorneys: (1) the information supplied by Byland in the supplemental application was provided "too late" and that Byland "could have and should have submitted this evidence in the first place;"[45] and (2) the evidence itself – affidavits from two other attorneys and a survey of law firm economics in Ohio – is insufficient to justify an hourly rate increase, as held by various courts in this District.[46] As to the rate for the paralegals, the Commissioner re-states the argument that this rate should be $40.00 per hour, in that such an amount was requested and approved for the same person several times in 2011

---

[43] *Id.* at 7-8 (citing *Vasquez v. Comm'r of Soc. Sec.*, Case No. 3:11-cv-177, Docket # 27 at 6 (N.D. Ohio June 11, 2012) (White, M.J.)).

[44] *Id.* at 9 (fee request increase of $902.95).

[45] ECF # 33 at 3.

[46] *Id*. 4-5.

and 2012, and that Byland has here "failed to explain the basis for the $10.00 [per hour] hourly rate increase in this case."[47]

## Analysis

### A.     Standard of review

As the Sixth Circuit has explained, EAJA, enacted in 1990, "provides for the award of attorney fees to a party prevailing against the United States in a civil action when the position taken by the United States is not substantially justified and no special circumstances exist warranting a denial of fees."[48] Because Congress had concern that people might be deterred from seeking review of unreasonable government actions by the expense involved, it enacted EAJA to "make challenges to unreasonable government action more accessible to certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail."[49]

Before considering any particular fee amount requested under the EAJA statute, the court must, as noted above, determine that (a) the plaintiff was the prevailing party, (b) the position of the United States was not substantially justified, and (c) no special circumstances exist that would make the award of fees unjust.[50] Once a determination is made that a

---

[47] *Id*. at 5.

[48] *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009).

[49] *Id.* at 446 (citation omitted).

[50] 28 U.S.C. § 2412(d)(1)(A); *Bryant*, 578 F.3d at 445.

-9-

plaintiff is eligible for attorney fees under the EAJA statute, the court must determine if the fee requested is reasonable.[51]

As noted by Judge Adams in *De Nunez v. Commissioner of Social Security*, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[52]

Initially, in arriving at a determination of the number of hours that may reasonably be included in the fee calculation, counsel should exclude hours that are excessive, redundant, or otherwise unnecessary.[53] Further, EAJA limits attorney fees to time spent in the litigation process, which includes the EAJA application process.[54] In that regard, absent extraordinary circumstances, the average number of hours for an attorney to work on an average Social Security case ranges from 30 to 40 hours.[55]

---

[51] *See*, 28 U.S.C. § 2412(d)(2)(A); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley* [*v. Eckerhart*, 461 U.S. 424 (1983)].").

[52] *De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429, at *1 (N.D. Ohio Jan. 3, 2013) (citations omitted); *see also*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (fees are determined under EAJA by "'the time expended' and the attorney's '[hourly] rate.'").

[53] *De Nunez*, 2013 WL 60429, at *1 (citing *Hensley*, 461 U.S. at 434).

[54] *Id.*

[55] *Hawk v. Astrue*, No. 4:11CV196, 2013 WL 139799, at *1 (N.D. Ohio Jan. 10, 2013) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990)).

As to the hourly rate, EAJA as amended "provides a presumptive statutory cap of $125.00 per hour on the billing rates that a claimant can recover for attorney fees 'unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'"[56] A prevailing party requesting an increase above the statutory cap "bears the burden of producing appropriate evidence to support the requested increase."[57] Thus, the Sixth Circuit stated in *Bryant v. Commissioner of Social Security*, the plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[58] But, simply adducing evidence that the cost of living has increased, without more, is insufficient to justify an increase over the $125.00 per hour fee.[59]

As discussed below, a substantial number of courts within this District have recently concluded that when, in addition to showing an increase in the CPI for the relevant area, a plaintiff also offers evidence demonstrating that counsel has practiced extensively in the area of social security and routinely charges more than the statutory hourly rate, as well as evidence that the rate requested is in line with rates charged for similar services by other

---

[56] *Id.*, at *2 (quoting 28 U.S.C. § 2412(d)(2)(A)).

[57] *Bryant*, 578 F.3d at 450.

[58] *Id.*

[59] *Id*.

lawyers of comparable skill and experience, the Sixth Circuit's mandate in *Bryant* has been complied with and the increase in the hourly rate may be approved.[60]

To the contrary, some decisions in this District, relying on the Seventh Circuit's decision in *Mathews-Sheets v. Astrue*,[61] emphasize that increases above the statutory amount are discretionary and must be clearly proven. As Judge Nugent explained in *Jones v. Commissioner of Social Security*,[62] the framer of EAJA did not "'create an *entitlement* to an inflation adjustment.'"[63] Thus, "[t]he mere fact that hourly increases have been granted without objection in the past, or ... [on the basis of] the opinion of one attorney [in the area] as to what she believes [the hourly rate] should be [does not satisfy the burden of proof set forth in *Bryant*]."[64]

That said, ultimately, the court has discretion after review of all the evidence to award fees greater than the $125.00 per hour statutory amount.[65]

---

[60] *See*, *e.g.*, *Hawk*, 2013 WL 139799, at *3 (collecting cases).

[61] *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011).

[62] *Jones v. Comm'r of Soc. Sec.*, Case No. 1:10-cv-2568 (N.D. Ohio Sept. 11, 2012).

[63] *Id*. at 6 (quoting *Mathews-Sheets*, 653 F.3d at 563) (emphasis in original).

[64] *Id*. at 7.

[65] *Hawk*, 2013 WL 139799, at *2 (citation omitted).

**B.    Application of standard**

*1.    Clarification of evidence in light of the standard*

As I most recently discussed in *Burgess v. Commissioner of Social Security*,[66] the question of what constitutes sufficient proof to allow an increased hourly rate for attorneys under EAJA is still not definitively settled in this District. However, the dominant, but by no means exclusive, position of the judges within this District is that the following four kinds of proof will be deemed sufficient to support a request for an increased hourly rate:

(1)    evidence of an increase in the national CPI for the relevant period;

(2)    evidence, such as the Ohio Bar Association survey, that such inflation has occurred for attorney's fees;

(3)    evidence of the experience and qualifications of the attorney(s) seeking an increase in the allowed hourly rate; and

(4)    evidence, usually in the form of affidavits from other attorney(s) in this district who provide comparable legal services at comparable levels of experience and quality, that the specific rates being requested are not out of line with prevailing rates in this District for an attorney providing comparable services as were provided here.

As I also noted in *Burgess*, the different formulae set forth in this District – even the different variations on the formula stated above – argue for some rule or standard that would permit both claimants and the Commissioner to clearly know what is need to substantiate an increase in attorney's fees under EAJA. But, absent that uniformity, I recommend, as I did in *Burgess*, that any request for an increase in attorney's fees be considered sufficiently

---

[66] *Burgess v. Comm'r of Soc. Sec.*, Case No. 1:11 CV 1865 (N.D. Ohio Feb. 12, 2013).

established upon proof on the order described above, since such a standard appears to both

be a reasonable application of the Sixth Circuit's teaching in *Bryant* and holding of at least

the preponderance of courts addressing this matter within this District.[67]

---

[67] I emphasize that this conclusion is based on the current holdings of judges in this District, detailed above, construing the Sixth Circuit's decision in *Bryant*. The Seventh Circuit in *Mathews-Sheets*, 653 F.3d at 565, which case is now frequently cited by the Commissioner, argues that, properly understood, EAJA permits an increase over the $125 per hour attorney fee only with evidence that without such an increase, no competent lawyer could be found within the relevant geographic area to handle the plaintiff's case. While some judges in this District have commented favorably on certain aspects of *Mathews-Sheets* (*see*, *Daniels v. Astrue*, No. 1:11-CV-806, 2013 WL 66083 (N.D. Ohio Jan. 4, 2013) (Gwin, J.); *De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429 (N.D. Ohio Jan. 3, 2013) (Adams, J.); *Keyes v. Astrue*, No. 1:11-CV-0312, 2012 WL 2498892 (N.D. Ohio June 27, 2012) (Gwin, J.)), other judges in the Sixth Circuit have expressly declined to follow the teaching in *Mathews-Sheets* (*see*, *Herold v. Comm. of Soc. Sec.*, No. 1:11-CV-758, 2012 WL 6675936 (S.D. Ohio Dec. 21, 2012); *Russell ex rel. Roach v. Astrue*, No. 1:10-CV-746, 2012 WL 1902550 (S.D. Ohio April 11, 2012); *Vanderlaan v. Comm'r of Soc. Sec.*, No. 1:10-CV-858, 2011 WL 4479453 (W.D. Mich. Sept. 8, 2011)).

I also emphasize, as evident from the prior discussion, that my formulation of a test that appears to reflect a prevailing district view of proof needed to conform to *Bryant* cannot do justice to the nuances and variations of that test that actually exist. If the root of my articulated consensus formula can arguably be traced to Senior District Judge Spiegel's opinion construing *Bryant* in *Zellner v. Astrue*, No. 1:10-CV-812, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012), it is equally arguable, as Magistrate Judge Vecchiarelli observed in *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, at *5 n.6 (N.D. Ohio July 16, 2012), that despite the formula articulated in *Zellner*, she was "not aware of any legal authority from the Sixth Circuit that requires such a specific evidence [sic] showing to justify a cost-of-living increase in the EAJA fee rate." Similarly, Magistrate Judge White in *Vasquez* notes that while *Zellner* has not been adopted by the Sixth Circuit, "the type of information indicated in *Zellner* would be preferable" to current approaches, but declined to require such proof. *Vasquez v. Astrue*, No. 3:11 CV 177, 2012 WL 3637676, at *2 (N.D. Ohio Aug. 22, 2012).

This absence of Sixth Circuit authority as to the particular elements of proof needed to comply with *Bryant* lies behind the bewildering maze of authority now present in this District on that crucial, fundamental issue. The difficulties inherent in trying to harmonize

-14-

2.      *Hourly rate - Ohio attorneys*

Accordingly, given the evidence provided in the supplemental application, I recommend finding that proof in all four of the four categories listed above[68] is sufficient to justify the requested hourly rates for the Cleveland area attorneys. The Commissioner's claim that arguments first advanced in a reply brief are waived,[69] while true enough, conflates the mere presentation of additional support for an argument previously made in the original motion (which is the case here and is permissible), with the introduction of an entirely new argument (which is not the case here and is proscribed).

Accordingly, with the additional proof offered in the supplemental application and with a finding that such proof is sufficient, I recommend that any compensable time for Attorneys Roose and Ressler be at the increased hourly rate of $180.59 per hour.[70]

divergent analyses that do not necessarily attempt to acknowledge and discuss other opinions can only serve to increasingly frustrate courts and parties alike in the search for a reliable guide to determining attorney's fees in this heavily-litigated area.

[68] The proof of the CPI is found in ECF # 27, Ex. 4 at 1.

[69] *See*, ECF # 33 at 3 (citation omitted).

[70] At the risk of again pointing to the lack of clarity and certainty present in current opinions, I note that Magistrate Judge Vecchiarelli in *Rodriguez* accepted that the same attorney as here justified an increase in the statutory hourly rate but determined that the "Midwest" CPI figure, and not the "national" CPI figure, should be used to calculate that increased rate. In so doing, *Rodriguez* determined that the increased rate should be $176.95 per hour, not $180.00 per hour. *Rodriguez*, 2012 WL 2905928, at **5-6. Magistrate Judge White in *Vasquez* also endorses use of the Midwest CPI over the national CPI. *Vasquez*, 2012 WL 3637676, at *3.

But because the Commissioner did not raise an argument here as to any preferred CPI measurement, nor introduce the "Midwest CPI" as a possible basis for any increased rate, the

3.      *Hourly rate – Evanston, Illinois attorney*

That said, in the matter of Eric Schnaufer, the Illinois-based attorney who did the majority of legal work on this case, only two of the elements of proof set forth above are supplied here – evidence of an increase in the national CPI and proof of the qualifications and experience of the individual attorney. There is no evidence of how the national CPI is reflected in the hourly rates charged generally by comparable attorneys in the Chicago metropolitan area[71] nor is there any affidavit from any other attorney in that area attesting that the hourly rate being claimed is comparable to that charged for similar services by attorneys of comparable experience and reputation in the Chicago area.[72]

---

foundational CPI figure for the inflation-adjusted hourly rate was, thankfully, one issue here that did not require extensive research into any district consensus on that topic.  *But see*, *Mohr v. Comm'r of Soc. Sec.*, No. 3:11CV2731, 2013 WL 557176, at *3 (N.D. Ohio Feb. 12, 2013) (White, MJ) (using the Midwest CPI to compute although the issue was apparently not first raised by the Commissioner).

In the very recent decision of *Lanken v. Comm'r of Soc. Sec.*, No. 5:11CV2607, 2013 WL 237478 (N.D. Ohio Jan. 22, 2013) (Pearson, J.), plaintiff's attorney Dianne Newman submitted a request for an increased hourly rate based on the Cleveland-Akron CPI, not the national CPI, and that Judge Pearson approved an increased hourly rate calculated on that basis. *Id.*, 2013 WL 237478, at *1.

[71] Evanston is included in the Chicago Metropolitan Statistical Area (MSA) by the United States Census Bureau. *See*, http://www2.census.gov.

[72] I do note, however, that the affidavit of Attorney Dianne Newman attests that the $300 per hour hourly rate of Attorney Roose is in line with the rate prevailing in Cleveland for comparable lawyers, and the same rate "would apply for Attorney Schnaufer, if not higher." ECF # 31, Ex. 3 ¶ 12. While the Newman affidavit provides a basis for her conclusions as to hourly rates in Cleveland, where she maintains a comparable practice, there is no similar basis in the affidavit for her comment as to Attorney Schnaufer.

Based on the standard articulated above, there is insufficient evidence to support the increased hourly rate sought by Attorney Schnaufer.[73] Accordingly, I further recommend that any reimbursement to Attorney Schnaufer be only at the statutory hourly rate of $125 per hour.

**4.      *Hourly rate – Paralegals***

The United States Supreme Court in *Richlin Security Service Company v. Chertoff*,[74] held that EAJA will permit the prevailing party to recover paralegal costs to the extent that such costs reflect the "market rate for such services."[75] As such, *Richlin* distinguished the statute's prescribed "market rate" analysis for services such as a paralegal from an analysis founded on a determination of the "reasonable cost" of such services, which had been urged by the government.[76] *Richlin* concluded first that EAJA's provision for recovery of attorney's fees must "self-evident[ly]" "embrace [recovery of] paralegal fees as well."[77] Further, *Richlin* held that since EAJA "generally provides for recovery of attorney's fees at 'prevailing

---

[73] *But see*, *Rodriguez*, 2012 WL 2905928, at **5-6. Increased hourly rate approved for Illinois Attorney Schnaufer without specific evidence of hourly rates in Chicago, proof offered being only the Midwest CPI, the 2010 Ohio State Bar Association survey of law office costs in Ohio and a 2011 National Law Journal survey indicating that the value of legal services has increased at a rate faster than inflation.

[74] *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008).

[75] *Id*. at 577.

[76] *Id*.

[77] *Id.* at 581.

-17-

market rates,' it follows that fees for paralegal services must be recoverable at prevailing market rates as well."[78]

Thus, although cases of attorney's fees start from the perspective of a statutory ceiling on the hourly rate, with additional evidence required to show that any increase in that rate is justified by reference to the actual prevailing market rate, *Richlin* teaches that paralegal services, for which no rate is set in the statute, requires in every case an initial showing of what the prevailing market rate for such services actually is.

Moreover, even though *Richlin* holds that paralegal or legal assistant fees are considered recoverable under EAJA, *Richlin* permits recovery of such fees only "'to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client.'"[79] Accordingly, there is a two-step process involved with recovery of fees for time spent by a paralegal or legal assistant: (1) what is the prevailing hourly rate for such services within the relevant legal market, and (2) were the hours spent performing tasks traditionally performed by an attorney for which the attorney would customarily charge the client?

As regards, then, proof of the "prevailing market rate" for paralegal services, the Michigan district court in *Sassan v. Commissioner of Social Security*, much like the decisions of this District as regards attorney's fees, looked to a survey of the Michigan Bar

---

[78] *Id*. (quoting statute).

[79] *Sassan v. Comm'r of Soc. Sec.*, No. 1:08-CV-120, 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010) (quoting *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002)).

Association, submitted by the party seeking fees, as to "the median rate for paralegal billing" in that state.[80]

Here, by contrast, there is no independent evidence of the prevailing market rate for paralegal services in this District. In particular, the portion of the Ohio State Bar Association "The Economics of Law Practice in Ohio (2010)"[81] submitted by Byland consists of simply a two-page excerpt from that report, which deals exclusively with "attorney hourly billing rates and practices."[82] In addition, Byland has provided no affidavits or other declarations from those with knowledge of prevailing hourly rates for paralegal time in this District from which this Court could perform its duty under *Richlin* and discern the rate at which allowed paralegal time should be compensated.

That said, even prior to examining what paralegal hours may be proper for reimbursement under EAJA, there is some evidence of the prevailing market rate for paralegal services performed by legal assistants to Attorney Roose in three 2012 decisions of different judges in this District, which found that the recoverable hourly rate for such services is $40 per hour.[83] Because these decisions are recent and involve precisely the same

---

[80] *Id.*

[81] ECF # 31, Ex. 6.

[82] *Id.* at 2.

[83] *See*, ECF # 33 at 5 (citing *Taylor v. Astrue*, No. 1:12 CV 293, 2012 WL 5465989 (N.D. Ohio Nov. 8, 2012) (Gaughan, J.) ($40 per hour rate for time of Attorney Roose's "appellate assistant" approved on recommendation of MJ Burke); *Rodriguez*, 2012 WL 2905928, at **3, 6 (authorizing reimbursement to "appellate assistant" Shriver at $40 per hour); *Vasquez*, Case No. 3:11-cv-177, Docket # 27 at 2, 7 (authorizing reimbursement of

-19-

persons whose hourly rates are at issue here, these recent findings serve as support for a

$40 per hour rate for time spent by paralegals or legal assistants to Attorney Roose.[84] For the

reasons stated above, an increase in this rate to $50 per hour should not be allowed.

## 5. *Expenses*

Although the Commissioner has not objected to the request for reimbursement of

expenses here, I observe that any request for reimbursement of such items as the copying

charges claimed here is made pursuant to 28 U.S.C. § 2412(d)(1)(A).[85]Alternatively,

reimbursement of expenses is sought under 28 U.S.C. § 1920.[86]

Section 2412(d)(1)(A) provides that unless prohibited by statute, a court "shall award"

the prevailing party "fees and other expenses, in addition to costs awarded pursuant to

---

$40 per hour fee for time of Attorney Roose's "appellate assistant").

[84] I make this recommendation with the awareness that general use of past decisions of other courts to provide a basis for a present fee award should not be preferred to providing the court addressing a current fee application with evidence from which that court may independently assess the application in light of the precise details of the application presented and the controlling standards. In particular, each decision cited here relies on no independent proof of the prevailing market rate for paralegal time, but is simply the conclusion on a single judicial officer that $40 per hour is a "reasonable" rate. I am recommending that such a finding be adopted here principally for the reasons that a different result – either rejecting any fee award for lack of proof or substituting a different hourly rate – would introduce further confusion and uncertainty into this area and would not be consistent with the proper respect that should be afforded to decisions of other courts in this District, who should be seen, as much as possible, as speaking with one voice on heavily-litigated questions.

[85] ECF # 27 at 4 n.9.

[86] *Id.*

subsection (a)" of this section. Subsection (a) states that a judgment for costs "as enumerated in section 1920," but not including attorney's fees, may be awarded to the prevailing party.

The general rule is that courts, in reviewing applications for the recovery of costs, must analyze the costs submitted to determine if the expenses were for services or materials "necessary" for use in the case and whether the amount claimed is reasonable.[87]

As to costs for copying, this Court, in construing § 1920 in *Hartford Financial Services Group v. Cleveland Public Library*, stated first that the burden is on the party seeking reimbursement for copying costs to show that the copies were necessary for use in the case.[88] It further concluded that "copies obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable."[89] While there is some authority stating that only costs incurred for copies made for the use of the court or the opposing party are recoverable,[90] other authority holds that if the cost is an

---

[87] *See*, *e.g.*, *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (rev'd on other grounds), *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). District courts under Rule 54(d) do not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur." *See also*, *Hartford Fin. Servs. Group v. Cleveland Public Library*, 2007 WL 963320, at *2 (N.D. Ohio March 28, 2007) (Oliver, J.) (construing 28 U.S.C. § 1920).

[88] *Hartford Fin. Servs. Group*, 2007 WL 963320, at *6 (citation omitted).

[89] *Id*. at *7 (citations omitted); *accord*, *True North Energy LLC v. Chicago Title Ins. Co.*, 2011 WL 5362063, at *6 (N.D. Ohio Oct. 27, 2011) (Zouhary, J.).

[90] *See*, *Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 53 (W.D. Mich. 1996).

expense that would normally be charged to a fee-paying client, such an expense is recoverable.[91]

I recommend, in consideration of the above authority and in conformity with the intent and purpose of EAJA, that reimbursement for copies made for a client be reimbursable. Communication to clients of actions filed in court on their behalf is a necessary function of responsible advocacy and so would qualify as a recoverable expense under the *Hartford Financial Services* test outlined above. In addition, such expenses are customarily billed to clients as independent items from the professional fee and so would also be recoverable under that test.

Thus, in this case, the expenses incurred in making copies for the client of documents filed with the court should be recoverable, while the cost of making copies of the same documents for the attorney's own file should not. In this case, then, the allowed recoverable number of copies should be half the claimed number.

## 6.    *Allowable hours – attorneys*

I note first that the Commissioner has not objected to the total number of attorneys' hours expended in this case for which compensation is sought. The final number – 31.4 hours total hours spent by three attorneys in preparing this case, including the fee application – must then be analyzed by the Court to determine the number of hours that were reasonably

---

[91] *See*, *Marcavage v. City of Detroit, Mich.*, No. 06-CV-15176, 2008 WL 2980040, at *4 (E.D. Mich. July 31, 2008) (citation omitted).

expended on this matter, excluding from the recoverable amount those hours that are "excessive, redundant, or otherwise unnecessary."[92]

a.    *Attorney Schnaufer*

Attorney Schnaufer has submitted a request for 20.1 hours of time.[93] This number represents time spent drafting the claimant's brief, the fact sheet required by my pre-trial order, the reply brief, reviewing the report and recommendation, and drafting a time sheet for the EAJA application.[94] The total number of hours claimed here is consistent with the hours claimed by the same attorney in fee cases adjudicated within the past year in this District.[95] In addition, the items listed, including the preparation of the EAJA fee application, are all appropriate attorney functions in a judicial review of the denial of a Social Security claim and compensable here.[96]

Accordingly, I recommend finding that Attorney Schnaufer has established that he has spent 20.1 hours of time on compensable functions in this case.

---

[92] *De Nunez*, 2013 WL 60429, at *1 (citation omitted).

[93] ECF # 27, Ex. 1 at 3-4.

[94] *Id.*

[95] *See*, *English*, Case No. 1:11-cv-2794, ECF # 24 at 5 (14.2 hours), *De Nunez*, 2013 WL 60429, at *2 (18.5 hours), and *Rodriguez*, 2012 WL 2905928, at *6 (22.6 hours).

[96] *See*, *De Nunez*, 2013 WL 60429, at * 3; *see also*, *English*, Case No. 1:11-cv-2794, ECF # 28 at 6 n.2.

b.    *Attorneys Roose and Ressler*

Attorney Roose lists 6.0 hours of time for work on the original case and initial EAJA application. Of that time, the largest amounts of time were spent on two activities: 1.8 hours for preparation and participation in the telephonic oral argument of this case, with an additional 1.8 hours spent for preparing the time schedules and the original EAJA application.[97] The remaining time was for review of briefs and filings, with no single entry for anything longer than half an hour, and eight of the 12 remaining entries being for 1/10 of an hour.[98]

As noted, Attorney Roose also filed a supplement to his original time request, seeking compensation for an additional 5.0 hours of time spent in drafting the reply to the Commissioner's objections.[99]

The 11 hours spent by Attorney Roose on both the civil action itself and then on the EAJA application appears well within the hours previously judged compensable in other cases. In particular, the 6 hours claimed by Attorney Roose specifically for time spent on the EAJA application are lower than all but two of the 11 claims by Attorney Roose for hours spent on fee applications analyzed by Judge Adams in *English*.[100]

---

[97] ECF # 27, Ex. 1 at 1.

[98] *Id*.

[99] ECF # 31 at 9.

[100] *English*, Case No. 1:11-cv-2794, at 7 (listing hours claimed by Attorney Roose for preparing EAJA fee applications in eleven cases decided in 2012 ranging from a high of 34.2 hours to a low of 3.9 hours). *See also*, *Taylor*, 2012 WL 5465989 (rejecting fee request by

While the *English* opinion raises serious questions, also applicable here, about excessive time being claimed for what are essentially duplicative "cut and paste" fee applications that recycle previously prepared justifications,[101] the supplemental fee application here was fairly extensive (10 pages, six exhibits) and sought to answer detailed objections from the Commissioner as to the claimed fees. Moreover, as has been noted here repeatedly, the accompanying motion for an oral argument on this application truthfully notes that the Commissioner has been raising significant arguments to fee applications recently,[102] and that decisions in this District have "split" on how to resolve the relevant issues.[103]

Thus, I recommend finding that the time claimed by Attorney Roose in this case be found to be entirely compensable.

---

Attorney Roose, in part, because only 2.3 hours out of a total of 18.5 were spent on the merits of the case, with the balance expended in preparation of the fee request itself).

[101] *See*, *id.* at 10.

[102] *E.g.*, the applicability of the Seventh Circuit decision in *Mathews-Sheets*. That said, as Judge Adams observed in *English*, the question of whether *Mathews-Sheets* represents a proper analysis of *Bryant* is "not new at all." "It defies logic," Judge Adams wrote, that Attorney Roose required additional time to expand his argument as to the *Mathews-Sheets/Bryant* dispute when he had "already thoroughly reviewed and analyzed" this question in numerous prior fee award cases in 2012. *English*, Case No. 1:11-cv-2794, ECF # 28 at 8. That being true, it is equally true that even a prepared argument must be appropriately re-presented within the facts of each case, and with any additional, subsequent case authority noted and discussed. Thus, as described above, I am recommending that all six hours spent on the fee application in this case be considered as compensable time.

[103] ECF # 34 at 1.

-25-

Attorney Ressler claims .3 hour of time for review of the original file to determine whether the matter had merits.[104]Although the case authority seems limited in number, the prevailing view is that time spent in evaluating a claim for its merits prior to filing is both a task customarily done by attorneys and compensable under EAJA although the task was done prior to the filing of the civil action.[105] Thus, I recommend finding that the .3 hour spent by Attorney Ressler in reviewing the claim for its merit as a civil action is fully compensable time under EAJA.

### 7.    *Allowable hours – paralegals*

As noted, the fee request contains a request for reimbursement of 6.5 hours of time spent by paralegals "appellate assistant" Shriver (5.9 hours) and "legal assistant" Edwards (.6 hour).[106]

It is settled that while time spent by a paralegal or legal assistant is compensable under EAJA, the test for compensability is whether the work is sufficiently complex or work traditionally performed by an attorney.[107] Purely secretarial or clerical tasks should not be recoverable regardless of who performs them.[108] Still, care must be taken so that compensation for tasks such as reviewing communications from the court, monitoring the

---

[104] ECF # 27, Ex. 1 at 2.

[105] *See*, *Murchison v. Astrue*, 2012 WL 2504162, at *3 (W.D. Ark. June 28, 2012).

[106] ECF # 27, Ex. 6.

[107] *Mohr*, 2013 WL 557176, at *4 (citations omitted).

[108] *Id.*

-26-

docket and filing briefs – work traditionally done by attorneys – not be denied when these functions are performed by a paralegal or legal assistant since denying such compensation would be counterproductive to legal efficiency and cost-effectiveness by encouraging lawyers to handle such duties themselves in order to insure compensation in the fee award.[109]

a.    *Legal Assistant Edwards*

Of this total, "legal assistant" Edwards listed .5 hour for "Call[ing] client to complete In Forma Pauperis( IFP)[,] mail same to client for signature," and .1 hour for receiving the signed IFP form from the client and sending a message of that fact to the Appellate Assistant.[110]

In this regard, I note first that Byland has offered no support for finding that these tasks – of the time spent on them here – are anything other than non-compensable clerical or secretarial tasks. Transcribing oral answers onto a form and sending internal emails of tasks completed are tasks traditionally handled by secretaries or clerical personnel and subsumed into an attorney's overhead expenses. Absent any evidence from Byland that courts have held to the contrary, I recommend that all .6 hours claimed by "legal assistant" Edwards be denied as non-compensable.

---

[109] *Id.* (citation omitted).

[110] ECF # 27, Ex. 2 at 1.

b.    *Appellate Assistant Shriver*

Appellate Assistant Shriver claims 5.9 hours, with such time spent on preparing and filing various documents in this Court, docketing all transmittals from the Court, transmitting those documents and transmittals to counsel and to the client, communicating with the client and Attorney Schnaufer on the case status, and keeping current with the deadlines and requesting extensions of time.[111]

The Commissioner, largely relying on Judge Adam's findings in *English*, argues that monitoring communications with the Court should not be compensable, but rather seen as clerical functions that should be subsumed within overhead costs.[112] Judge Adams, in particular, distinguished filing briefs and notices with the court (compensable) and reviewing emailed notices of the court's filings (noncompensable).[113] Magistrate Judge White in *Mohr*, by contrast, considered the review of court emails to be compensable under the teaching, cited above, that failure to do so would be counterproductive.[114]

In *Rodriguez*, Magistrate Judge Vecchiarelli comes to a similar result as did Judge Adams, although without specifically noting the reasoning in *English*. In an extensive review of the very similar time request made by Shriver in that case, Magistrate Judge Vecchiarelli

---

[111]  *Id.* at 2-3.

[112]  ECF # 30 at 8 (citing *English*, Case No. 1:11-cv-2794, at 5); *see also*, *De Nunez*, 2013 WL 60429, at **2-3).

[113]  *De Nunez,* 2013 WL 60429, at *3.

[114]  *Mohr*, 2013 WL 557176, at *4.

-28-

concluded that time spent reviewing court emails and sending copies of filings to the client and to the Commissioner's counsel would not be compensable since they were clerical and/or secretarial in nature.[115] By contrast, actually preparing and filing material with the court or conferring with the court would be compensable.[116]

I recommend largely adopting the views of Judge Adams and Magistrate Judge Vechiarelli that time spent reviewing court emails to keep the docket up to date, as well as time spent sending copies of filings, are not compensable because they are primarily secretarial or clerical, and so should be considered part of overhead. In this case, the Commissioner notes, 3.8 hours were expended reviewing court emails and so should be non-compensable.[117] My review of the time entries cited by the Commissioner confirms that those entries are largely as described.

Thus, I recommend finding that 3.8 hours of the time claimed by Appellate Assistant Shriver is non-compensable. In addition, there is also claimed time for phone calls with the client and the briefing attorney, for making copies of filed items, and for "updating" the claim and the docket – all of which would be non-compensable as clerical or secretarial under the reasoning set forth above. However, many of these functions are grouped within time blocks that include compensable functions such as preparing filing court documents.

---

[115] *Rodriguez*, 2012 WL 2905928, at **3-4.

[116] *Id.*

[117] ECF # 30 at 8 n.2.

Accordingly, for the reasons stated, I recommend finding that 1.5 hours of Appellate Assistant Shriver's time is compensable, while 4.4 hours are not.

**8.      *Allowable expenses for copying***

As noted, I have recommended finding that copies of filed documents for the client be an allowed expense, while file copies for the attorney not be allowed. Byland has asked that copy expenses be recovered at a rate of $.25 per page.[118]

Byland has provided no independent proof for the price per page. Further, I note that the Commissioner has not objected to that rate. I also note that Judge Adams in *dicta* has stated that if the Court were to reach the point of approving fees for copies, "it would conclude that $. 25 per copy is excessive."[119] By contrast, it appears that fees for copying at what appears to be a rate of $.25 per page were approved without detailed discussion in recent cases like *Rodriguez*[120] and *Mohr*.[121]

While recognizing that the amount here is relatively small and that any award is ultimately committed to the Court's discretion, I am aware that the party seeking the award bears the responsibility in the first instance to justify it. Here, despite the copious amount of briefing that has been generated on EAJA fees over the last months, I have found nothing

---

[118] ECF # 27, Ex. 3.

[119] *De Nunez*, 2013 WL 60429, at *5.

[120] *See*, *Rodriguez*, 2012 WL 2905928, at *6.

[121] *See*, *Mohr*, 2013 WL 557176, at **4-5.

attempting to prove what a reasonable market rate for paper copies is in this District.[122] When claimants are so lax as to provide no evidentiary foundation for the award requested, leaving the matter solely to the court to research or to arrive at by other means, such an approach must be noted as one of the causes for the wide range of results obtaining throughout the District on fee requests.

In the end, because this topic is not well-developed in the opinions, and because what the burden is on the party claiming fees to justify the amount claimed, I recommend denying any fees for copies inasmuch as the amount claimed per page is not supported by any evidence of record, and is not clearly set forth and established in prior recent decisions of courts in this District.

---

[122] In addition to the absence of any evidence from Byland or from prior decisions of other courts in this District to support a finding that $.25 per page is a reasonable rate for copies in this District, my own review of the practice of the Clerk's office in this District discloses that it charges $.50 per page for copies made by employees of that office but only $.10 per page if the copies are made from the public terminals by members of the public. Thus, if the public price is more analogous to the situation here, Judge Adams *dicta* that $.25 per page seems excessive appears to have some foundation. If, however, the better analogy is to copies made by employees of the Clerk's office, the many approvals of copy fees at $.25 per page by other judicial officers seem in line with, and even below, the appropriate market rate. However, under the present circumstances, I find no basis for recommending the particular rate sought.

## Conclusion

For the reasons stated above, I recommend that the EAJA fee request be approved as follows:

| | | |
|---|---|---|
| Attorney Roose | 11 hours at $180.59 per hour | $1,996.49 |
| Attorney Ressler | .3 hours at $180.59 per hour | $54.18 |
| Attorney Schnaufer | 20.1 hours at $125.00 per hour | $2,625.00 |
| Legal Assistant Shriver | 1.5 hours at $40.00 per hour | $60.00 |

All claims asserted for time spent by legal assistant Edwards and for expenses of copies made are not recommended for payment.

Thus, a total fee award of $4,735.67 is recommended.


Dated: February 27, 2013                   s/ William H. Baughman, Jr.
                                           United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[123]

---

[123] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-32-