UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHERRY D. BYLAND, ) | Case No.: 5:11 CV 75 |
|     Plaintiff ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|     Defendant ) | <u>ORDER</u> |

On June 29, 2012, Magistrate Judge Baughman submitted a Report & Recommendation to reverse and remand the Administrative Law Judge's ("ALJ") denial of Sherry Byland's ("Byland" or "Plaintiff") claim for Social Security disability benefits (ECF No. 22). This court adopted that Report & Recommendation in part, and remanded the case for further proceedings (ECF No. 25).  Currently pending before the court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 27), and Plaintiff's Motion for Oral Argument Regarding EAJA Application and Responses (ECF No. 34).  The court referred the motion for attorney fees to Magistrate Judge Baughman, who issued another Report & Recommendation (the "R&R") on  February 27, 2013 (ECF No. 35). Plaintiff filed her Objections to the R&R on March 13, 2013 (ECF No. 37).   On April 10, 2013, the Commissioner of Social Security (the "Commissioner") filed a Response to Plaintiff's Objections (ECF No. 39).

Magistrate Judge Baughman recommended that the court grant Plaintiff $4,735.67 (R&R at 32, ECF No. 35.)  The R&R recommended that two of Plaintiff's attorneys, Lorain, Ohio-based Attorneys Kirk Roose ("Roose") and Jon Ressler ("Ressler") receive a rate of $180.59 per hour, an increase on the statutory rate of $125 per hour based on the cost of living. (*Id.* at 15.) Magistrate Judge Baughman found that Plaintiff had presented enough evidence in support of an increased hourly rate for those two attorneys. (*Id.*)  However, Magistrate Judge Baughman

recommended that Plaintiff's third Attorney, Eric Schnaufer ("Schnaufer"), based in Evanston, Illinois, receive the statutory rate of $125 per hour because Plaintiff had not presented enough evidence in support of an increased hourly rate for him. (*Id.* at 17.) Further, Magistrate Judge Baughman found the recoverable hourly rate for paralegal work in this district should be $40 per hour, and not the $50 per hour Plaintiff had requested. (*Id.* at 19.) Finally, the Magistrate Judge found that the cost of copies of documents filed with the court were recoverable, whereas copies made for the attorney's own file were not. (*Id.* at 22.)

In determining that Plaintiff had not presented enough evidence to support an hourly rate above $125 for Attorney Schnaufer, Magistrate Judge Baughman applied the standard he articulated in *Burgess v. Comm'r of Soc. Sec.*, Case No. 1:11 CV 1865 (N.D. Ohio Feb. 12, 2013), which he describes as "the dominant, but by no means exclusive, position of the judges within this district." (R&R at 13, ECF No. 35.) The Magistrate Judge explained in *Burgess* that four kinds of proof will be deemed sufficient to support a request for an increased hourly rate:

> 1) evidence of an increase in the national [Consumer Price Index] for the relevant period;
>
> 2) evidence, such as the Ohio Bar Association survey, that such inflation has occurred for attorney's fees;
>
> 3) evidence of the experience and qualifications of the attorney(s) seeking an increase in the allowed hourly rate; and
>
> 4) evidence, usually in the form of affidavits from other attorney(s) in this district who provide comparable legal services at comparable levels of experience and quality, that the specific rates being requested are not out of line with prevailing rates in this District for an attorney providing comparable services as were provided here.

(*Id.*) Magistrate Judge Baughman further stated that "any request for an increase in attorney's fees [should] be considered sufficiently established upon proof [of the *Burgess* elements], since such a standard appears to both be a reasonable application of the Sixth Circuit's teaching in *Bryant* [*v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009),] and [the] holding of at least the preponderance of courts addressing this matter within this District." (*Id.* at 13-14.) However, the Magistrate also noted that while his formulation of the standard did harmonize a number of different applications

of *Bryant* by district courts in the Sixth Circuit, the formulation "cannot do justice to the nuances and variations of that test that actually exist." (*Id.* at 14 n. 67.)

Plaintiff raises only one objection to the R&R. Plaintiff argues that Magistrate Judge Baughman erred in limiting the recoverable rate for Attorney Schnaufer to the statutory rate of $125 per hour. (Pl.'s Objections at 1, ECF No. 37.) Plaintiff relies on the recent Sixth Circuit case *Yellowbook v. Brandeberry*, 708 F.3d 837 (6th Cir. 2013), where the court held that "the relevant hourly rate is not the rate for an out-of-town attorney, but the rate for a local attorney." (Pl.'s Objections at 1, ECF No. 37.) Though *Yellowbook* had not been decided before the Magistrate Judge's issuance of the R&R, Plaintiff argues that *Yellowbook* is "an instantiation of longstanding precedent." (*Id* at 2, n. 2.) Plaintiff then argues that even if the court does not find that *Yellowbook* creates a general rule granting attorney fees based on local rates, she has still shown that Attorney's Schnaufer rate should be at least $180.59, and not the statutory rate of $125. (*Id* at 6-8.)

Along with her Objections, Plaintiff submitted several affidavits to supplement her demand for fees for Attorney Schnaufer. These affidavits came from Attorney Schnaufer himself (ECF No. 37-1), as well as attorneys Barry Schultz (ECF No. 37-2) and David Kornfeld (ECF No. 37-3), two social security attorneys practicing in the Chicago, Illinois, area. The affidavits detailed the typical non-contingent hourly rates for attorneys practicing Social Security law in the Chicago area. Plaintiff also submitted the most recent Illinois rate survey. (ECF No. 37-4.)

The Commissioner maintained in his Response that he believed "that the Magistrate Judge's Report and Recommendation is correct and [that he] rest[s] on the arguments made in response to Plaintiff's EAJA application." (Def.'s Resp. at 1, ECF No. 39.)

The district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court "judge may also receive further evidence." *Id.*

Plaintiff argues that *Yellowbook's* holding requires courts to base attorney's fees on rates

-3-

in the court's locality, and thus that Magistrate Judge Baughman should have based Attorney Schnaufer's rate on Attorneys Roose and Ressler's rates. The court finds that Plaintiff's argument is well-taken. Magistrate Judge Baughman applied the same standard to all attorneys involved in this case in determining whether they had submitted enough evidence to support their rate demands. However, in considering Attorney Schnaufer's submissions, the Magistrate Judge erred in requiring proof of Chicago-area rates and affidavits from other attorneys regarding rates charged for similar services by attorneys of comparable experience and reputation in the Chicago area. (*See* R&R at 16, ECF No. 35.) Instead, the Magistrate Judge should have required and considered proof of the rate commanded by a local attorney. *See Yellowbook*, 708 F.3d at 849 ("out-of-town lawyers thus may only recover the rate they would command in the local market").

Here, the required documentation that was needed to assess Attorney Schnaufer's fee application was before the court. Applying the test used by Magistrate Judge Baughman for Attorneys Roose and Ressler, the Ohio rate survey submitted by Plaintiff should have been sufficient to support part (2) of the test. Part (4) of the test is fulfilled by the affidavits supporting Attorneys Roose and Ressler's fee applications. As Plaintiff noted in her supplemental application for attorney fees, the affidavit from Attorney Dianne R. Newman (ECF No. 31-3) explains that the hourly rate for Attorney Roose would be the same for Attorney Schnaufer, "if not higher." (Pl.'s Reply at 5, ECF No. 31.) The court finds that this is sufficient under *Bryant* to support Attorney Schnaufer's fee application. Further, the court finds such proof to be convincing. Thus, the court will allow compensation to Attorney Schnaufer at the same rate as that of Plaintiff's local attorneys. In reaching this conclusion, the court does not consider the additional documentation submitted by Plaintiff with her Objections.

The court finds that after *de novo* review of the Report and Recommendation and all other relevant documents, the remainder of the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court orders that the EAJA fee request be approved as follows:

| | | |
|---|---|---|
| Attorney Roose | 11 hours at $180.59 per hour | $1,996.49 |
| Attorney Ressler | 0.3 hours at $180.59 per hour | $54.18 |

| | | |
|---|---|---|
| Attorney Schnaufer | 20.1 hours at $180.59 per hour | $3,629.86 |
| Legal Assistant Shriver | 1.5 hours at $40.00 per hour | $60.00 |

Thus, fees totaling $5,740.53 are awarded to Plaintiff upon her Motion for Attorney Fees (ECF No. 27). As a result, Plaintiff's Motion for oral argument Regarding EAJA Application and Responses (ECF No. 34) is denied as moot.

 IT IS SO ORDERED.

              /S/ SOLOMON OLIVER, JR.
              CHIEF JUDGE
              UNITED STATES DISTRICT COURT

October 23, 2013